IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Civil Action No. 07-cv-01987-WDM-CBS (Consolidated with Civil Action No. 07-cv-02293-WDM-CBS)
_____

Civil Action No. 07-cv-01987-WDM-CBS

VICKI R. DILLARD-CROWE,
        Plaintiff,
v.

AURORA LOAN SERVICES, LLC, and
DIANE BAILEY, in her personal capacity and in her official capacity as the Douglas
County Public Trustee,
        Defendants.
_____

Civil Action No. 07-cv-02293-WDM-CBS

VICKI R. DILLARD-CROWE,
        Plaintiff,
v.

JUDGE WILLIAM B. SYLVESTER, Chief Judge of the 18th Judicial District (in his
Personal Capacity),
JUDGE SUSANNA MEISSNER-CUTLER, of the Douglas County District Court (in her
Personal Capacity),
AURORA LOAN SERVICES, LLC,
SUSAN KENDRICKS, and
THE LAW FIRM OF ARONOWITZ & FORD, LLC,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on:

1.      Defendant Douglas County Public Trustee Diane Bailey's "Motion to Dismiss
under F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (filed October 29, 2007)
(doc. # 6 in Civil Action No. 07-cv-01987-WDM-CBS);

2.	Ms. Dillard-Crowe's "Motion for Leave to Amend Complaint" (filed December 14, 2007) (doc. # 23 in Civil Action No. 07-cv-01987-WDM-CBS);

3.	Defendant Douglas County Public Trustee Diane Bailey's "Motion to Dismiss under F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (filed January 10, 2008) (doc. # 30 in Civil Action No. 07-cv-01987-WDM-CBS);

4.	"Motion and Brief to Dismiss of the Law Firm of Oronowitz & Ford and Susan Kendricks" (filed November 19, 2007) (doc. # 17 in Civil Action No. 07-cv-02293-WDM-CBS);

5.	Defendants Sylvester and Meissner-Cutler's "Motion to Dismiss" (filed November 27, 2007) (doc. # 22 in Civil Action No. 07-cv-02293); and

6.	"Aurora Loan Service, LLC's Motion to Dismiss" (filed December 4, 2007) (doc. # 28 in Civil Action No. 07-cv-02293).

Pursuant to the Orders of Reference dated September 26, 2007 (doc. # 3 in Civil Action No. 07-cv-01987-WDM-CBS) and November 1, 2007 (doc. # 2 in Civil Action No. 07-cv-002293-WDM-CBS) and the memoranda dated November 1, 2007, December 17, 2007, January 11, 2008 (docs. # 7, # 24, and # 31 in Civil Action No. 07-cv-01987-WDM-CBS), November 20, 2007, November 28, 2007, and December 5, 2007 (docs. # 18, # 23, and # 30 in Civil Action No. 07-cv-02293-WDM-CBS), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the Responses filed November 29, 2007 (doc. # 24 in Civil Action No. 07-cv-02293-WDM-CBS), January 2, 2008, January 7, 2008, January 16, 2008, January 25, 2008 and January 30, 2008 (docs. # 28, # 29, # 32, # 35, and # 36 in Civil Action No. 07-cv-01987-WDM-CBS), the Reply filed February 21, 2008 (doc. # 40 in Civil Action No. 07-cv-01987-WDM-CBS), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Proceeding *pro se*, Ms. Dillard-Crowe filed Civil Action No. 07-cv-01987-WDM-CBS on September 20, 2007.  (*See* doc. # 1 in 07-cv-01987).  Her Amended Complaint was accepted for filing on October 5, 2007.  (*See* doc. # 5 in 07-cv-01987).  Ms. Dillard-Crowe filed Civil Action No. 07-cv-02293-WDM-CBS on October 30, 2007.  (*See* doc. # 1 in 07-cv-02293).  Ms. Dillard-Crowe's claims arise from a mortgage on real property in Douglas County, Colorado.

On February 9, 2006, H. Francelle Harden and Jocita Williams executed a warranty deed to Ms. Dillard-Crowe conveying title to the property described as Lot 33, Keene Ranch, Filing No. 1, County of Douglas, State of Colorado, also known by street number 1321 Colt Circle, Castle Rock, Colorado 80109 (the "Property") and recorded with the Douglas County Clerk and Recorder on February 15, 2006 at Reception No. 2006013150.  (*See* Exhibit 1 to Motion to Dismiss filed by Defendants Aronowitz & Ford and Hendrick (doc. # 17-2 in 07-cv-02293)).  In order to purchase the property, Ms. Dillard-Crowe executed an adjustable rate promissory note (the "Note") for the amount of $760,000.00, secured by a Deed of Trust.  (*See* Exhibits 2, 3, and 4 to Motion to Dismiss (docs. # 17-3, # 17-4, and # 17-5 in 07-cv-02293)).  The Deed of Trust was recorded with the Douglas County Clerk and Recorder on February 15, 2006 at Reception No. 2006013151.  (*See* Exhibit 1 to Motion to Dismiss filed by Defendants Aronowitz & Ford and Hendrick (doc. # 17-2 in 07-cv-02293)).  The original beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the original lender, Aegis Wholesale Corporation ("Aegis").  Aurora Loan Services, LLC ("ALS") later became the owner of the debt.  (*See, e.g.*, doc. # 6-2 in 07-

cv-01987; doc. # 17-7 at p. 8 of 8 in 07-cv-02293).

On March 7, 2006, Ms. Dillard-Crowe executed a Quit Claim Deed to Memorial
Manors, LLC ("Memorial"), quitclaiming any and all interest in the Property.  (*See* Exhibit
5 to Motion to Dismiss (doc. # 17-6 in 07-cv-02293)).  The Quit Claim Deed was
recorded with the Douglas County Clerk and Recorder on March 8, 2006 at Reception
No. 2006019438.  (*See id.*).

After Ms. Dillard-Crowe ceased making payments on the mortgage for more than
three months, ALS initiated a foreclosure action on March 23, 2007.  (*See* Exhibit 6 to
Motion to Dismiss (doc. # 17-7 in 07-cv-02293)).  On April 18, 2007, District Judge
Nancy A. Hopf of the Douglas County District Court entered an Order Authorizing Sale
in Douglas County District Court Civil Case No. 2001CV764.  (*See* Exhibit 7 to Motion to
Dismiss (doc. # 17-8 in 07-cv-02293)).

On June 20, 2007, the Property went to sale by the Douglas County Public
Trustee and was purchased by ALS for the sum of $814,462.22.  (*See* Exhibit 7 to
Motion to Dismiss (doc. # 17-8 at p. 3 of 3 in 07-cv-02293)).  Also on June 20, 2007, the
Public Trustee issued a Public Trustee's Certificate of Purchase to ALS.  (*See* Exhibit 8
to Motion to Dismiss (doc. # 17-9 in 07-cv-02293)).  After the expiration of the statutory
redemption period, the foreclosure sale was confirmed and a Public Trustee's Deed was
issued to ALS on September 11, 2007.  (*See* Exhibit 9 to Motion to Dismiss (doc. # 17-
10 in 07-cv-02293)).

After ALS obtained title to the property, it initiated an Unlawful Detainer action
("FED"), Case Number 2007C5251, on or about September 21, 2007 to evict Ms.
Dillard-Crowe's tenants from the Property.  (*See* Exhibits 10, 11, 12 to Motion to

4

Dismiss (docs. # 17-11, # 17-12, and # 17-13 in 07-cv-02293)).  On September 20, 2007, Ms. Dillard-Crowe filed Civil Action No. 07-cv-01987 in the federal court.  On or about September 28, 2007, Ms. Dillard-Crowe filed in the Douglas County Court her Answer and Motion to Dismiss the FED action.  (*See* Exhibit 13 to Motion to Dismiss (doc. # 17-14 in 07-cv-02293)).

On October 22, 2007 Judge Meissner-Cutler of the Douglas County Court held a hearing on Ms. Dillard-Crowe's Motion to Dismiss the FED action.  Judge Meissner-Cutler granted two continuances of the trial subject to the posting of a bond by Ms. Dillard-Crowe.  Ms. Dillard-Crowe did not post any bond.  After a trial on ALS' Complaint for Unlawful Detainer, Judge Meissner-Cutler entered judgment in favor of ALS, granted possession to ALS and ordered Ms. Dillard-Crowe not to return to the property or to interfere with the Sheriff's execution of the Writ of Restitution.  (*See* Exhibit 14 to Motion to Dismiss (doc. # 17-15 in 07-cv-02293)).

In her Amended Complaint in 07-cv-01987, Ms. Dillard-Crowe alleges four Claims for Relief against Defendants ALS and Diane Bailey as Douglas County Public Trustee for: (1) fraud; (2) denial of due process; (3) failure to comply with the provisions of the Colorado foreclosure statute; and (4) unlawful transfer of real property based on a void Public Trustee's Deed.  (*See* doc. # 5 in 07-cv-01987).  Ms. Dillard-Crowe seeks unspecified damages as relief.  (*See* doc. # 5 at ¶¶ 18, 21, 25, and 29 in 07-cv-01987).

In her Complaint in 07-cv-02293, Ms. Dillard-Crowe alleges nine Claims for Relief against Defendants Judge William B. Sylvester, Judge Susanna Meissner-Cutler, ALS, Susan Hendrick, and the Law Firm of Aronowitz & Ford, LLC for violations of: (1) C. R. C. P. 3(b)(1); (2) Colo. Rev. Stat. § 13-6-104; (3) Colo. Rev. Stat. § 13-6-105; (4) the

Colorado Constitution, Art. VI sec. 17; (5) 42 U.S.C. § 1981; (6) 42 U.S.C. § 1982; (7) 42 U.S.C. § 1983; (8) 42 U.S.C. § 1985; and (9) 42 U.S.C. § 1986. (*See* doc. # 1 in 07-cv-02293). As relief, Ms. Dillard-Crowe requests "compensatory and punitive damages, costs, interest and expert fees, attorney's fees if any, and such other equitable and legal relief as may seem proper to this Honorable Court." (*See* doc. # 1 at p. 20 of 20 in 07-cv-02293). On December 6, 2007, the District Judge consolidated the two civil actions "for all purposes." (*See* Order of Consolidation (doc. # 22)).

II.    Motions to Dismiss

A.    Standard of Review

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on

the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The court must construe Ms. Dillard-Crowe's pleadings liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B.    Analysis

1.    The *Rooker-Feldman* Doctrine

Defendants argue that Ms. Dillard-Crowe's claims must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S.

413 (1923).  The *Rooker-Feldman* doctrine "prevents the lower federal courts from

exercising jurisdiction over cases brought by state-court losers challenging state-court

judgments rendered before the district court proceedings commenced."  *Lance v.*

*Dennis*, 546 U.S. 459, 460 (2006) (per curiam; internal quotation marks and citations

omitted), *aff'd in part, vacated in part after remand*, 127 S.Ct. 1194 (2007).  Thus, a

complaint filed in a federal district court that seeks review and reversal of a state-court

judgment is properly dismissed under *Rooker-Feldman*.[1]

Here, Ms. Dillard-Crowe seeks relief from the state court judgments authorizing

the foreclosure sale and granting the FED action.  Ms. Dillard-Crowe's four Claims for

Relief against Defendants ALS and Diane Bailey for: (1) fraud; (2) denial of due

process; (3) failure to comply with the provisions of the Colorado foreclosure statute;

and (4) unlawful transfer of real property based on a void Public Trustee's Deed directly

challenge the state court judgments in the foreclosure sale and the FED action.  (*See*

doc. # 5 in 07-cv-01987 at pp. 4-6 of 6 ¶ 17 ("the action brought against the Plaintiff's

home by Defendant Aurora . . . was without any basis in law);" ¶¶ 12, 20 ("Defendant

Aurora clearly did not strictly comply with the *mandatory* provisions" of C.R.C.P. 120);"

¶¶ 23, 24 ("The Douglas County Public Trustee failed to comply with the statutory

requirements mandated by Article 38 of title 38 of the Colorado Revised Statutes as

they relate to a foreclosure through the office of the public trustee . . . and therefore the

---

[1]    "[T]he *Rooker-Feldman* doctrine is confined to cases brought after the
state proceedings have ended."  *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir.
2007) (internal quotation marks and citation omitted), *cert. denied*, 128 S.Ct. 897
(2008).  This requirement is satisfied here because Ms. Dillard-Crowe has not denied
the default or appealed the foreclosure or Unlawful Detainer actions.

deed issued in the instant case must be rendered void);" and ¶ 27 (the " 'Public Trustee's

Deed' issued on July 9, 2007 transferring title to Colt to Aurora is a void instrument."); ¶

).   Ms. Dillard-Crowe specifically alleges that the state court judgment is void based on

various procedural inadequacies.  Ms. Dillard-Crowe's claims raise arguments that

should have been raised in the state court proceedings and that essentially seek review

of a state court judgment by the federal court.   As Ms. Dillard-Crowe's claims seek

reversal of the state court judgments in the foreclosure sale and the FED action, they

are properly dismissed under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine also bars any "action in federal court that alleges

an injury 'inextricably intertwined' with a state court decision, such that success in the

federal court would require overturning the state court decision. . . ." *Epps v. Creditnet,*

*Inc.*, 320 F.3d 756, 758-59 (7th Cir. 2003) (citations omitted).  While Ms. Dillard-Crowe

couches her nine Claims for Relief against Defendants Judge William B. Sylvester,

Judge Susanna Meissner-Cutler, ALS, Susan Hendrick, and the Law Firm of Aronowitz

& Ford, LLP as claims pursuant to C. R. C. P. 3(b)(1), Colo. Rev. Stat. §§ 13-6-104 and

-105, the Colorado Constitution, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983,

42 U.S.C. § 1985, and 42 U.S.C. § 1986, Ms. Dillard-Crowe's claims are little more than

thinly disguised efforts to overturn, or at least call into question the validity of, the rulings

entered by the Colorado state courts.   (*See* doc. # 1 in 07-cv-02293 at pp. 9-19 of 20

(Douglas County Court did not have jurisdiction over "a case that involved a question of

title to land"); *see also* Ms. Dillard-Crowe's Combined Response (doc. # 32) at p. 8 of 38

(foreclosure and sale were done without legal authority and not in conformance with the

law); p. 9 of 38 ("Judge Meissner-Cutler has absolutely <u>NO</u> jurisdiction to hear the state

court matter")).  Ms. Dillard-Crowe's purported civil rights claims concern the manner in

which the state court judgments were obtained and are inextricably intertwined with the

state court judgments.  *See Erlandson v. Northglenn Municipal Court*, 528 F.3d 785,

790 (10th Cir. 2008) (constitutional claims were inextricably intertwined with the state-

court judgment and thus barred by the *Rooker-Feldman* doctrine unless they fell into

one of two categories within which plaintiff's claims did not fall).  Ms. Dillard-Crowe's

claims also demand consideration of the underlying state-court judgment.  *See id.  See

also Rohr v. Home Loans Corp.*, 2005 WL 2027684 (D. Colo. 2005) (claim for recission

of mortgage loan barred by *Rooker-Feldman* because rescission would effectively undo

the state court judgment foreclosing on lien created by deed of trust).  In sum, Ms.

Dillard-Crowe's claims in consolidated Civil Action No. 07-cv-1987 are properly

dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.


2.      Judicial Immunity

       Ms. Dillard-Crowe is suing Judge Sylvester and Judge Meissner-Cutler for acts

and/or omissions in the performance of their official judicial and administrative duties.

(*See* doc. # 1 in 07-cv-02293).  Ms. Dillard-Crowe's contact with Judge Meissner-Cutler

began after ALS initiated an FED action on or about September 21, 2007.  (*See* Exhibits

10, 11, 12 to Motion to Dismiss (docs. # 17-11, # 17-12, and # 17-13 in 07-cv-02293)).

Ms. Dillard-Crowe filed her Answer and Motion to Dismiss the FED action on or about

September 28, 2007.  (*See* Exhibit 13 to Motion to Dismiss (doc. # 17-14 in 07-cv-

02293)).  On October 22, 2007 Judge Meissner-Cutler held a hearing on Ms. Dillard-

Crowe's Motion to Dismiss the FED action.  Judge Meissner-Cutler granted two

continuances of the trial subject to the posting of a bond by Ms. Dillard-Crowe. After a trial on ALS' Complaint for Unlawful Detainer, Judge Meissner-Cutler entered judgment in favor of ALS and granted possession to ALS. (*See* Exhibit 14 to Motion to Dismiss (doc. # 17-15 in 07-cv-02293)).

Ms. Dillard-Crowe's contact with Judge Sylvester began on October 23, 2007, when Ms. Dillard-Crowe "attempted to meet with Chief Judge Sylvester regarding the acts and conduct of County Court Judge Susanna Meissner-Cutler . . . ." (*See* doc. # 1 in 07-cv-02293 at p. 6 of 20). "Chief Judge Sylvester made it clear that he would not meet or speak with Plaintiff Crowe regarding the abusive and tortuous conduct of County Court Judge Susanna Meissner-Cutler perpetrated against Plaintiff Crowe in her courtroom." (*See id.*). Judge Sylvester responded in writing to Ms. Dillard-Crowe's attempts to meet with him:

> Please tell her sorry that is not how the process works. I can not engage in exparte communications with any litigants. If she disagrees with the ruling she must appeal. If she has issues about how the Magistrate Judge treats people or runs the court then she needs to write me a letter and I will address her concerns as appropriate.

(*See* doc. # 22-2 in 07-cv-02293 at p. 1 of 5). Ms. Dillard-Crowe responded in writing. (*See* doc. # 22-2 in 07-cv-02293 at pp. 1-3 of 5). Judge Sylvester again responded in pertinent part:

> I have received your letter dated October 23, 2007. . .
>
> In regards to the ruling in case 05C5251 out of Douglas County Court by Judge Meissner-Cutler I have no authority as Chief Judge to overturn a ruling by any judge or magistrate within the 18th Judicial District unless I am the reviewing court pursuant to a properly filed appeal, nor do I have the authority to tell them to change their ruling. If you are unhappy with the ruling of a magistrate or judge the proper procedure is to file an appeal. Given the time constraints you mention in your letter I encourage

you to do so promptly and further to seek legal advice. . . .

(*See* doc. # 22-2 in 07-cv-02293 at p. 4 of 5).  Ms. Dillard-Crowe continued to attempt to meet with Judge Sylvester.  (*See* doc. # 22-2 in 07-cv-02293 at p. 5 of 5).

The United States Supreme Court has recognized that judges acting in their judicial capacity are absolutely immune from civil rights suits based on these actions, unless the judge was acting without any colorable claim of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (internal quotation marks and citation omitted).  Judges are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority.  *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (citation omitted).

"The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was judicial, and whether at the time the challenged action was taken, the judge had subject matter jurisdiction."  *Van Sickle*, 791 F.2d at 1435 (internal quotation marks and citation omitted).  The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. at 362.

A review of the Ms. Dillard-Crowe's claims against Judge Meissner-Cutler reveals that all of the allegations arise out of her official duties in handling Case Number 2007C5251.  (*See, e.g.*, doc. # 1 in 07-cv-02293 at ¶¶ 12, 17, 19).  Ms. Dillard-Crowe's

claims against Judge Sylvester arose out of his official duties as Chief Judge of the Eighteenth Judicial District. (*See, e.g.*, doc. # 1 in 07-cv-02293 at ¶¶ 19-21). Despite Ms. Dillard-Crowe's allegations that the County Court did not have jurisdiction over the FED matter (*see, e.g.*, doc. # 1 in 07-cv-02293 at ¶¶ 31, 37-38, 43-44, 49-50, 56-57, 62-63, 68, 75, 84), Judge Meissner-Cutler and Judge Sylvester were acting in their judicial capacities at all times relevant to the claims in this action.[2] Ms. Dillard-Crowe has alleged no claims against Defendants Sylvester or Meissner-Cutler for which they do not have absolute judicial immunity.

4.      Failure to State a Claim for Conspiracy

Ms. Dillard Crowe alleges that Defendants Sylvester, Meissner-Cutler, ALS, Hendrick, and Aronowitz & Ford LLC were in conspiracy. (*See* doc. # 1 in 07-cv-2293 at pp. 7-19). Whether Ms. Dillard-Crowe is attempting to state claims for conspiracy pursuant to state or federal law, she has failed to state facts that would support her claims.

In order to state a claim for civil conspiracy under state law, a plaintiff must allege: (1) an object to be accomplished; (2) an agreement by two or more persons on a course of action to accomplish that object; (3) in furtherance of that course of action, one or more unlawful acts which were performed to accomplish a lawful or unlawful goal, or one or more lawful acts which were performed to accomplish an unlawful goal;

---

[2]      *See* Colo. Rev. Stat. § 13-6-104(2) ("The county court shall have concurrent original jurisdiction with the district court . . . in cases of forcible entry, forcible detainer, . . .").

and (4) damages to the plaintiff as a proximate result. *Magin v. DVCO Fuel Systems, Inc.*, 981 P.2d 673, 674-75 (Colo. App. 1999). "[P]ersons or parties may not be held liable for doing in a proper manner that which they had a lawful right to do." *Id.* at 675 (citation omitted). Mere agreement to do something that happens to aid in the commission of a tort, without more, does not constitute civil conspiracy. *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996). In order to successfully plead a civil conspiracy, plaintiff must allege facts that show that each defendant agreed to do something in furtherance of the conspiracy, knowing of its improper purpose. *Id.*

To the extent that Ms. Dillard-Crowe is attempting to assert claims against Defendants for conspiracy pursuant to federal law, civil conspiracy has been defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an overt act that results in damage." *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (internal quotation marks and citation omitted). "[C]onclusory allegations that defendants acted in concert, or conspired without specific factual allegations to support such assertions are insufficient." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (internal quotation marks and citation omitted). *See also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (while allegations of conspiracy may form the basis of a § 1983 claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants") (citation omitted).

Ms. Dillard-Crowe makes only conclusory allegations of agreement and

"concerted action."  (*See, e.g.,* ¶¶ 25-27, 33, 35, 57).  Ms. Dillard-Crowe alleges that

Defendants Sylvester, Meissner-Cutler, ALS, Hendrick, and Aronowitz & Ford LLC "are

all either members of or beholden to the most contemptuous and despicable element of

our system of justice, a secret society dedicated to holding out the appearance of

propriety while abusing their authority and violating their respective oaths for the

express purpose of preventing or hindering the free exercise of privileges and rights

preserved under the U.S. Constitution."  (*See* doc. # 1 in 07-cv-2293 at ¶ 24).  Ms.

Dillard-Crowe has failed to allege any facts that show either unlawful acts or unlawful

goals by the Defendants.  Defendants were entitled to avail themselves of any

appropriate legal procedures and legal counsel in the FED proceeding.  Ms. Dillard-

Crowe alleges no more than vague and completely speculative allegations of a

conspiracy without specific allegations of an understanding, an agreement, or concerted

action necessary to establish the Defendants' participation in a conspiracy.  *Cf. Scott v.

Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (upholding dismissal of an amended complaint

that failed to provide factual averments as to the nature of the alleged conspiracy or the

defendant's role in the alleged activities);  *Alfaro v. E.F. Hutton & Co., Inc.*, 606 F. Supp.

1100, 1117 (E.D. Pa. 1985) (holding that a general conspiracy allegation without a

statement of facts is insufficient to state a cause of action).  Ms. Dillard-Crowe's

conclusory allegations of conspiracies surrounding the state court foreclosure

proceedings are insufficient to state a claim.  *See Murray v. City of Sapulpa*, 45 F.3d

1417, 1422 (10th Cir. 1995) (conclusory statements are insufficient to allege a claim of

conspiracy).

III.    Motion to Amend

On December 14, 2007, after the two actions were consolidated, Ms. Dillard-Crowe filed her "Motion for Leave to Amend Complaint" (doc. # 23) and tendered a proposed Second Amended Complaint (doc. # 23-2).  In the proposed Second Amended Complaint, Ms. Dillard-Crowe alleges five Claims for Relief against Defendants ALS and Diane Bailey as Douglas County Public Trustee for: (1) violation of 15 U.S.C. § 1692 *et seq.*; (2) fraud; (3) denial of due process; (4) failure to comply with the provisions of the Colorado foreclosure statute; and (5) unlawful transfer of real property based on a void Public Trustee's Deed.  (*See* doc. # 23-2).  Ms. Dillard-Crowe also alleges six Claims for Relief against Defendants Judge William B. Sylvester, Judge Susanna Meissner-Cutler, Aurora Loan Services, LLC, Susan Hendrick, and the Law Firm of Aronowitz & Ford, LLC for violations of: (1) Fed. R. Civ. P. 3, Colo. Rev. Stat. § 13-6-104, Colo. Rev. Stat. § 13-6-105, and the Colorado Constitution, Art. VI sec. 17; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1982; (4) 42 U.S.C. § 1983; (5) 42 U.S.C. § 1985; and (6) 42 U.S.C. § 1986.  (*See* doc. # 23-2).  As relief, Ms. Dillard-Crowe seeks declaratory relief and a variety of damages, among other things.  (*See* doc. # 23-2 at pp. 20-21 of 22).

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  The Federal Rules in general embody a policy which favors the resolution of claims on the merits, rather than on procedural grounds.  *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citation omitted).  *See also Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995) (motions to amend should be

freely granted when justice requires).

Nevertheless, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir.1990) (a motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim"). In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6). *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).


A.      Fair Debt Collection Practices Act ("FDCPA") Claim

The only new claim that appears in Ms. Dillard-Crowe's proposed Second Amended Complaint is her First Claim for Relief for violation of the Fair Debt Collection Practices Act ("FDCPA"), Title 15 U.S.C. § 1692 *et seq.* Ms. Dillard-Crowe alleges in her First Claim for Relief that Defendants committed numerous unspecified violations of the FDCPA. (*See* doc. # 23-2 at p. 7 of 22). The proposed First Claim for Relief must fail because none of the Defendants is a "debt collector" as defined by the FDCPA.

The FDCPA applies only to debt collectors. 15 U.S.C. § 1692. A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors. 15 U.S.C. § 1692a(6). A creditor who collects its own debt using its own name is not a "debt collector." 15 U.S.C. § 1692a(6). The pleadings reveal that ALS was a creditor, not a debt collector subject to the FDCPA. *See HSBC Bank USA Nat. Ass'n. as Trustee v. Crowe*, 2007 WL 4557829 (D. Colo. 2007) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (mortgage lenders collecting their own debts are not "debt collectors," within the meaning of the FDCPA). *See also Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.").

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing

> on a trust deed is an entirely different path. Payment of funds is not the
> object of the foreclosure action. Rather, the lender is foreclosing its
> interest in the property.

*Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 1188, 1204 (D. Or. 2002).

The FDCPA also excludes from the definition of debt collector "any person

collecting or attempting to collect any debt owed or due or asserted to be owed or due

another to the extent such activity . . . concerns a debt which was *not in default* at the

time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis

added). There is no allegation that the mortgage was in default at the time that ALS

obtained it. To the contrary, Ms. Dillard-Crowe alleges that she continues to own the

Property. (*See* doc. # 23-2 at p. 4 of 22). For this reason also, ALS is not a debt

collector under the FDCPA.

Neither is Defendant Diane Bailey a "debt collector" under the FDCPA. The

FDCPA further excludes from the definition of debt collector "any officer or employee of

the United States or any State to the extent that collecting or attempting to collect any

debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). *See also*

*Hulse*, 195 F. Supp. at 1204 (D. Or. 2002) ("An important point here is that with a trust

deed, the trustee possesses the power of sale which may be exercised after a breach of

the obligation for which the transfer in trust of the interest in real property is security.

Foreclosure by the trustee is not the enforcement of the obligation because it is not an

attempt to collect funds from the debtor.").

There are no allegations in the proposed Second Amended Complaint that Judge

Sylvester or Judge Meissner-Cutler were "debt collectors" under the FDCPA and Ms.

Dillard-Crowe has not alleged her FDCPA claim against Defendants Sylvester or

Meissner-Cutler.  (*See* doc. # 23-2).  As none of the Defendants are debt collectors under the FDCPA, Ms. Dillard-Crowe's FDCPA claim is futile.

B.      Remaining Claims in Proposed Second Amended Complaint

The remainder of the claims in Ms. Dillard-Crowe's proposed Second Amended Complaint are futile for the same reasons that the court recommends dismissal of this consolidated civil action: (1) Ms. Dillard-Crowe's claims in her proposed Second Amended Complaint in consolidated Civil Action No. 07-cv-1987 are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) Defendants Sylvester and Meissner-Cutler are entitled to absolute judicial immunity from all of Ms. Dillard-Crowe's claims; and (3) Ms. Dillard-Crowe has not stated a claim for conspiracy upon which relief can be granted.

Accordingly, IT IS RECOMMENDED that:

1.      Defendant Douglas County Public Trustee Diane Bailey's "Motion to Dismiss under F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (filed October 29, 2007) (doc. # 6 in Civil Action No. 07-cv-01987-WDM-CBS) be DENIED AS MOOT as superseded by Bailey's "Motion to Dismiss under F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (filed January 10, 2008) (doc. # 30 in Civil Action No. 07-cv-01987-WDM-CBS).

2.      Defendant Douglas County Public Trustee Diane Bailey's "Motion to Dismiss under F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (filed January 10, 2008) (doc. # 30 in Civil Action No. 07-cv-01987-WDM-CBS) be GRANTED.

3.     The Motion and Brief to Dismiss of the Law Firm of Aronowitz & Ford and Susan Hendrick (filed November 19, 2007) (doc. # 17 in Civil Action No. 07-cv-02293-WDM-CBS) be GRANTED.

4.     Defendants Sylvester and Meissner-Cutler's "Motion to Dismiss" (filed November 27, 2007) (doc. # 22 in Civil Action No. 07-cv-02293) be GRANTED.

5.     "Aurora Loan Service, LLC's Motion to Dismiss" (filed December 4, 2007) (doc. # 28 in Civil Action No. 07-cv-02293) be GRANTED.

6.     Ms. Dillard-Crowe's "Motion for Leave to Amend Complaint" (filed December 14, 2007) (doc. # 23 in Civil Action No. 07-cv-01987-WDM-CBS) be DENIED.

7.     Defendants Sylvester and Meissner-Cutler be dismissed with prejudice from this lawsuit.

8.     Ms. Dillard-Crowe's claims of conspiracy be dismissed for failure to state a claim upon which relief can be granted.

9.     This civil action be DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 8th day of July, 2008.

BY THE COURT:

_____s/Craig B. Shaffer_____
United States Magistrate Judge