IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01987-WDM-CBS

VICKI R. DILLARD-CROWE,

    Plaintiff,

v.

AURORA LOAN SERVICES LLC,
DIANE BAILEY IN HER PERSONAL CAPACITY AND OFFICIAL CAPACITY AS DOUGLAS COUNTY PUBLIC TRUSTEE,

    Defendants,

and

Civil Action No. 07-cv-02293-WDM-CBS

VICKI R. DILLARD-CROWE,

    Plaintiff,

v.

JUDGE WILLIAM B. SYLVESTER, CHIEF JUDGE OF THE 18TH JUDICIAL DISTRICT (IN HIS PERSONAL CAPACITY),
JUDGE SUSANNA MEISSNER-CUTLER, OF THE DOUGLAS COUNTY COURT (IN HER PERSONAL CAPACITY),
AURORA LOAN SERVICES,
SUSAN KENDRICKS, and
THE LAW FIRM OF ORONOWITZ AND FORD, LLC,

    Defendants.

## ORDER ON MOTION FOR ATTORNEYS' FEES

Miller, J.

    This matter is before the court on the Motion for Attorneys' Fees (doc no 47) filed

by Defendant Aurora Loan Services("ALS").  Plaintiff did not respond to the motion, although she filed a general objection to any award of costs and fees (doc no 46).  For the reasons set forth below, the motion will be granted.

As previously noted, these cases arise out of a completed foreclosure on real property located at 1321 Colt Circle, Castle Rock, Colorado (the "Property"), formerly owned by Plaintiff.  Plaintiff filed a complaint in this Court in Civil Action No. 07-cv-01987 against Defendants ALS, the holder of the promissory note for the mortgage on the property, and Diane Bailey, the Douglas County Public Trustee, asserting a variety of claims challenging the foreclosure.  After ALS obtained title to the Property via the foreclosure sale, ALS initiated an unlawful detainer action ("FED") in state court.  Plaintiff then filed her complaint in Civil Action No. 07-cv-02293, also in this Court, asserting claims against Defendants Judge William B. Sylvester, Judge Susanna Meissner-Cutler, Aurora Loan Services, and Susan Kendrick and the Law Firm of Aronowitz & Ford, the attorneys who initiated the FED action on behalf of ALS.  The claims in Civil Action No. 07-cv-02293 involve alleged irregularities in the FED proceedings, including the failure to revisit the alleged deficiencies in the foreclosure process and sale.

On August 8, 2008, I accepted the recommendation of Magistrate Judge Craig B. Shaffer and dismissed all of Plaintiff's claims.  ALS now seeks attorneys' fees pursuant to the promissory note and deed of trust on the property and pursuant to C.R.S. § 13-17-102 and § 13-17-201.

I will award ALS attorneys' fees pursuant to the terms of the promissory note.  The promissory note signed by Plaintiff and held by ALS contains the following provision: "If the Note Holder has required me to pay immediately in full as described above [i.e., in the

2

event of default], the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." See Ex. A to Motion for Atty Fees (doc no 47-2) at ¶ 7(E). Plaintiff has never disputed that she was in default on the note as a result of her failure to make payments. ALS's expenses in enforcing the note included not only the foreclosure and FED action in state court but also the litigation of this action, whereby Plaintiff attempted to reverse the foreclosure and property transfer to ALS. Plaintiff's claims against ALS were in large part without legal or factual basis, particularly her conclusory and unfounded claims of conspiracy and claims of constitutional violations against this non-governmental defendant.[1] Accordingly, to the extent that the fees are higher than they would have otherwise been in a simple foreclosure, this is the result of Plaintiff's own actions.

Accordingly, it is ordered:

1. The Motion for Attorneys' Fees (doc no 47) filed by Defendant Aurora Loan Services LLC is granted.

2. Plaintiff may file specific objections to the fees set forth in the Affidavit of

---

[1] This would provide another basis for awarding attorneys' fees, since under Colorado law, an award of fees may be appropriate as a sanction against a *pro se* party who has brought an action which was "substantially frivolous, substantially groundless, or substantially vexatious." C.R.S. § 13-17-102(4).

3

Attorneys' Fees and itemized entries (doc nos 47-4 and 47-5) within ten days of the issuance of this order.

DATED at Denver, Colorado, on December 2, 2008.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge